## THOMAS D. FOSS *vs.* ASA STEWART.

If an officer attach property not liable to attachment, or seise it on execution, he is a trespasser.

A debtor is not entitled to have hay exempted from attachment for the use of sheep, by the *stat.* of 1821, *ch.* 95, unless at the time of the attachment he has the sheep.

Where property, exempted from attachment, is attached as the property of A and replevied by B as his property, and the officer defends the suit of B successfully by showing that such property belonged to A, and thereupon receives the value of it of B, instead of the property replevied; such officer cannot, in an action against him by A, for the same property, deny his title thereto.

THIS was an action of *trespass* for taking three and one half tons of hay, of the alleged value of thirty-five dollars. The defendant justified the taking as a constable of the town of *Scarborough*, by virtue of a writ of attachment, in favor of one *Henry H. Googins*, against the plaintiff, returnable to the Court of Common Pleas for the county of *York*, at the *October Term*, 1833, as the property of the plaintiff, which the plaintiff contended he had no legal right to do, because the said hay was by law exempt from attachment.

The parties agreed to the following statement of facts. At the time of the attachment aforesaid, the defendant attached about five

tons of hay, being all which the plaintiff had in his possession. Afterwards, on the 14th day of *September*, 1833, one *Joseph Foss, jr.*, the brother of the present plaintiff, sued out a writ of replevin, against the defendant, for the said five tons of hay and other property, returnable to the Court of Common Pleas for the county of *Cumberland*, on the first *Tuesday* of *October*, 1833. On the trial of this action of replevin, it was proved, that to secure the said *Joseph Foss, jr.* for certain sums of money for which the said *Thomas D. Foss* was indebted to him, the said *Thomas* had bargained and agreed with the said *Joseph* to sell him the said five tons of hay, being all which he had ; and the said *Thomas* being called as a witness, on the trial of said action, testified to these facts, and that he considered the hay to be the property of his brother ; but it being proved, that no delivery of the hay had been made by *Thomas* to *Joseph*, it was adjudged that the property of the same had not passed from the said *Thomas*, and that the attaching officer could hold the same as the property of the said *Thomas*, and judgment for a return of the said five tons of hay to the said *Stewart* was accordingly rendered against the said *Joseph*, which judgment the said *Joseph* has since fully satisfied.

It is admitted, that the action of replevin aforesaid, was commenced with the knowledge of the said *Thomas D. Foss*, and that said *Thomas* had hired a small farm of about 20 acres, and tavernhouse thereon, in *Scarborough*, of one *Fogg*, and that the said *Joseph* was surety for the said *Thomas* on the lease, under which the said *Thomas* occupied at the time the attachment of the hay was made. The hay was not actually removed by the attaching officer, but was receipted for by one *Andrews*, and after it was replevied, it was left in the possession of the said *Thomas*, who used a part of it, by permission of the said *Joseph*. The said *Thomas* then kept a cow, but had no sheep.

The writ of return was issued upon the judgment for return, but was never put into the hands of an officer, pursuant to an agreement made by the counsel of the respective parties, and consequently a demand for a return was never made upon the said *Joseph*, but said *Joseph* paid the adjudged value of the said hay, which was ten dollars per ton, together with the damages and costs awarded to the defendant in said suit of replevin. Judgment has

Foss *v.* Stewart.

never been rendered in the original action, *Googins* against the plaintiff.

If, upon the foregoing statement of facts, the plaintiff in this suit shall be entitled to recover, judgment is to be entered for such sum as the Court may award in damages and costs; otherwise the plaintiff is to become nonsuit and the defendant is to have judgment for his costs.

*Codman,* for the plaintiff, cited the *statute* of 1821, *c.* 95, exempting from attachment, execution, and distress, one cow and ten sheep, and " thirty hundred of hay for the use of said cow, and two tons for the use of said sheep."

Although the plaintiff had no sheep at the time the attachment was made, still he might purchase them the next day, and he must have hay to keep them, when he takes them home. The statute should be .construed liberally, and most beneficially for the purposes of the intended remedy. *Gibson* v. *Jenney,* 15 *Mass. R.* 205 ; *Howard* v. *Williams,* 2 *Pick.* 80 ; *Richards* v. *Daggett,* 4 *Mass. R.* 534. But the case shows, that when the hay was attached the plaintiff had one cow, and for that cause was entitled to retain one and an half tons of hay. The payment of the value of the hay to the officer by the person who took it out of his possession by the writ of replevin, makes him accountable to the plaintiff in the same manner as if the hay had remained in his hands. If he had not taken the property out of the plaintiff's hands, he would have had it, and if he loses it, the loss will be occasioned by the acts of the defendant. The provisions of the statute will be evaded, if the action does not lie.

*F. O. J. Smith,* for the defendant, said, that the plaintiff had been once paid for the hay by his brother, had made use of it himself, and now claims to have the value of it from the defendant. When the defendant attached the property, the plaintiff disclaimed all ownership in himself, another claimed it with the knowledge of the plaintiff, and the defendant contended with him successfully and held it. As the property was not removed from the possession of the plaintiff the action of trespass cannot be maintained. But the property was legally attached. The statute exempts certain articles from attachment, when necessary for the use of the debtor. But the sale of this hay to his brother is evidence, that it was not

necessary for his own use. He must appropriate the property for the use intended by the statute, or he will not be protected by it. The ground of the decision, in *Buckingham* v. *Billings,* 13 *Mass. R.* 82, was, that the property was not necessary for the use of the debtor.

After a continuance, *nisi,* the opinion of the Court was drawn up by

WESTON C. J. — The defendant, in the attachment made by him, under which he justifies, and in defending the action of replevin, brought against him by *Joseph Foss, jr.,* acted in behalf of the attaching creditor. As he represented him, he succeeded in defeating the title of the plaintiff in replevin, to whom no formal delivery had been made, to give effect to the mortgage or pledge intended by the plaintiff for his security.

The defendant, having received from *Joseph Foss, jr.* who failed in his suit, the whole value of the hay replevied, as the property of the plaintiff, should not, in our judgment, be now received to deny the plaintiff's title, and to set up property in *Joseph.* He took it as the plaintiff's, and defended successfully against the claims of *Joseph,* from whom he received the value of the whole. What took place between the plaintiff and *Joseph,* either before the attachment or afterwards, affords no protection to the defendant. If his proceedings were not warranted by law, they derived no justification from the subsequent use of a part of the hay by the plaintiff. That was by the permission of *Joseph,* who made the hay his own by his subsequent payment to the defendant. By receiving an equivalent in money, after judgment for a return, the defendant became answerable both to the creditor and to the debtor, as much as if the hay had been returned to him. To the creditor, on the lien, lawfully created by the attachment; and to the debtor, so far as he had transcended the law to his prejudice.

If an officer attaches property, not liable to attachment, or seises it on execution, he is a trespasser. This position is established by the cases cited for the plaintiff; and is not controverted. The plaintiff had at the time a cow, but no sheep. If he had had ten sheep, he would have been entitled to have held two tons of hay exempted from attachment, to keep them; but not otherwise. The

statute exempts two tons of hay, for "the use of said sheep." As he had no sheep, one ton and an half only was exempted, for the use of his cow. The defendant must be held answerable in this action, for taking that quantity. The attachment of the residue was justified by his precept. Judgment is to be rendered for the plaintiff, for the sum of fifteen dollars, being the value of the hay, with interest thereon from the date of the attachment.