## BRACKETT *vs.* WATKINS.

In an action by a party who claims property as *exempt from execution* under the statute, the question whether he has or has not purposely reduced his *visible property* to such an amount as to claim the benefit of an exemption, with the intent to defraud his creditors, may properly be submitted to a jury ; but a court upon evidence tending to such a conclusion ought not to nonsuit the plaintiff.

The yarn possessed by a *householder* is exempt from execution to a certain amount, although he did not own the sheep upon which grew the wool used in the manufacture of the article.

ERROR from the Onondaga common pleas.    Brackett sued Watkins in an action of *replevin*, for taking 30 runs of woollen yarn.    The plaintiff proved that he was a *householder*, and that in March, 1837, the yarn was taken from his possession by virtue of an execution in favor of the defendant, and by his direction.   In March, 1836, the plaintiff purchased 300 sheep, which he sheared, and sold the whole of the wool except one large fleece of about 4 pounds.    In the summer or autumn of the same year he sold the sheep he purchased in March.    On this evidence the plaintiff rested.    The defendant moved for a nonsuit, on the following grounds :  1. That it was not shown that the yarn in question was made from wool sheared from the plaintiff's own sheep ; 2. That there was no evidence that the plaintiff did not own a large flock of sheep through 1836 and 1837 ; and 3. That the statute does not apply to a case where a man has a large flock of sheep and sells all the wool except ten fleeces.    The court granted the nonsuit. The plaintiff excepted and brought error.

*S. Stevens*, for the plaintiff in error.

*B. Davis Noxon*, for the defendant in error.

*By the Court*, COWEN, J.    The first of the grounds taken by the defendant's counsel in the court below is now given up as erroneous, on the authority of *Hall* v. *Penney*, 11

Wendell, 44. By this case the words of the statute were equitably extended beyond their literal import, and made to cover cloth, yarn, &c. whether it comes from the sheep of the owner or not.

Nor can I perceive any force in the other points, when taken in the abstract. It was pretty evident that the plaintiff had reduced himself to the 30 ruus, and had no more. Being a householder, the statute conferred upon this the same protection, whether the plaintiff had before owned but 10 or 1000 sheep. I say in the abstract. Very likely the court below were disgusted with the strong appearance of a fraud upon the statute, by a man disposing of, or covering up all his other property, and turning what was intended as a shield of poverty into an instrument of fraud. It is quite common for dishonest men to do so. But I think the court below have mistaken the remedy. If there be an appearance from circumstances that the plaintiff has reduced himself to exempt property, in order to defraud his creditors, that question should be submitted to the jury, under proper directions from the court. Their sagacity would be, in general, quite a match for the case. On their being satisfied that the plaintiff had placed himself on his exempt property in order to defraud his creditors, as in the instance below, by a sale of his sheep and wool, they may clearly place him beyond the reach of the statute, by sustaining the levy. His sales or other arrangements would come within the words of the statute, 13 Elizabeth, being to delay, hinder or defraud creditors; or, if not, they would be void at the common law. The rule, then, is this: *prima facie* the fleeces, yarn, cloth, and other things limited to a certain amount by the statute, 2 R. S. 290, § 22, are protected. But if the jury believe that it was brought down to the compass of exemption, with intent to defraud creditors, they ought to find for the creditor. Most commonly, the other goods being mortgaged or sold, remain still in the debtor's possession, when either they may be seized, or those which are apparently exempt, at the election of the creditor. In general, the mortgaged or sold goods are seized. But the more artful debtor will fix a more secure cover for his property, by

changing it into money, or something as little tangible to an execution as may be, when the property claimed as exempt must be resorted to, and the question of fraud litigated upon that. On such obvious fraud as possession after a mortgage or sale, the court may doubtless nonsuit, or direct the jury to find the covin, since the statute has declared the possession to be conclusive evidence where it is not satisfactorily explained. Not so of more equivocal instances. On these the question is, in general, for the jury. We think it should have been put to them in the case before us.

The judgment must therefore, be reversed, and a *venire de novo* go from the court below, the costs to abide the event.