## Case No. 5,088.

FREEMAN v. STEWART et al.

[5 Biss. 19.] [1]

Circuit Court, D. Wisconsin. Aug. Term, 1855.

MILLER, District Judge. The judgment in this case was rendered against Norman Stewart on the 6th of July, 1854.

By the answer to the supplemental bill, it appears that lot 3 in block 4 in the town plat of Dell Creek was formerly owned by Francis M. Stewart, and it was given by him in the spring of 1854 to the said Norman Stewart, on condition that he would build a house thereon and improve the same. The title to the lot is now in Norman Stewart and was in him at the time of filing the supplemental bill.

The execution issued upon the judgment against Norman Stewart on the 18th of July, 1855, twelve days after the rendition of the judgment. If the marshal had levied upon this lot and the building then in process of erection, there is no question but the levy and sale would be good; for by the law (Rev. St. 1849, p. 542, § 65), lands, tenements and real estate holden by any one in trust or for the use of another, shall be liable to debts, judgments, decrees, executions and attachments, against the person to whose use they are holden. Defendants then had an equitable interest in the lot and building subject to sale, and also the subject of a bill in equity for the perfection of the title before a sale by the marshal. It could not have been then claimed under the exemption law, for the defendant was not in the actual occupancy of it as a homestead. He was not then a householder in the occupancy of the premises within the meaning of the exemption law. By the law the lien of this judgment attached to the defendants' interest in this lot, and it was also subject to levy and sale upon the execution, as I before stated, and it might have been levied under that execution, before the defendant had moved upon it. The question arises now, in regard to the remedy of the plaintiff and also the rights of the defendants under the exemption law. The defendant moved into the house in September, 1855, after the return of the execution nulla bona. The original bill was filed November 23, 1854. Subpoena was served November 29th. December 5th, injunction was allowed, and served on the 19th. A receiver was ap-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

pointed January 6, 1855. The supplemental bill was filed May 7, 1855.

In his answer the defendant says: "In my absence in the pinery, he (Francis) had deeded the lot to my wife. On my return, shortly after, I got a deed of it. I first saw it in the spring. I returned from the pinery in April last, the middle or latter part. My wife has since executed a deed to King and he to me, the last of April or first of May."

The use and object of the judgment creditor's bill is to discover assets and to render the equitable property or interests and the choses in action of the defendant subject to his debts. In other words, it is to compel a defendant to do that which he in honesty to his creditors should do fully and freely to the officer serving the execution. If the defendant had turned out his interest in this house and lot to the marshal, subject to his right of exemption, the question as to the right would have been raised upon a motion to set aside the levy; and it would have been raised just as effectually and as favorably to the interests of the parties as it is now by the defendant's refusal to assign it. The question then arises out of the occupancy by the defendant and his family, before the filing of this bill.

I have remarked that the judgment was a lien on the defendant's interest, which was subject to levy under the execution by the marshal. The defendant cannot conceal from the officer property which he was not occupying and then, in answer to the bill, say that "since the officer served me with the execution I have moved on the property, and I now claim it for my homestead exemption." To allow this, would be sanctioning a fraud upon the plaintiff. The homestead, by the law, must be claimed when the levy is made. When the levy might have been made, the defendant had not placed himself in a position to claim the exemption. The claim of exemption must have relation to the time when the execution was in the marshal's hands. No return of the property is made by the defendant to the marshal, or even in his answer to the original bill, and when a bill is filed expressly to have this lot and house appropriated by a decree of this court to the plaintiff's debt, it is too late for the defendant to interpose a claim of exemption.

Whether a defendant can dispose of his estate and property, reducing it to the exemption limit, and then successfully claim an exemption, I shall not now determine. The case of Brackett v. Watkins, 21 Wend. 68, is opposed to such a proceeding. The court will instruct the master that this house and lot is to be assigned to the receiver.