## Cowan vs. Main and others.

*Exemption Law.*

Sec. 31, ch. 134, R. S., after enumerating certain animals exempt from sale on execution, etc., also exempts "the necessary food for all the stock mentioned in this section, for one year's support." *Held*, that this does not exempt food for animals which the debtor does not possess, and has no present purpose of obtaining.

APPEAL from the Circuit Court for *Dane* County.

Replevin, commenced in June, 1868, for a certain amount of corn and hay, and a mare, seized by the defendants *Main* and *McDougal*, as sheriff and under sheriff of said county, about the 26th of May, 1868, on an execution against the plaintiff herein, and in favor of the defendant *Thompson*. The plaintiff testified, that on the day last mentioned he owned the property in dispute, and lived upon the farm where it was; that he had two cows, a yoke of oxen, the mare, a couple of calves and six hogs; that there were also *on the farm* a pair of horses and some seventy sheep. It appeared, however, that the horses and sheep were the property of other persons, and that he had also executed a bill of sale of the oxen. There was no evidence of any intention on his part, at the time, to purchase any additional stock. Against objection, he was permitted to show that he had not grain and hay enough, exclusive of that in dispute, to feed for one year the animals exempted from sale on execution by subd. 7, sec. 37, ch. 134, R. S. to wit: "two cows, ten swine, one yoke of oxen and one horse (or, in lieu of one yoke of oxen and a horse, a span of horses), and ten sheep;" and the court instructed the jury that he was entitled to exemption of the amount of food required for that number of animals, whether he had, at the time, the full number or not. The other questions raised by the rulings of the court,

and its instructions to the jury, need not be stated here. Verdict and judgment for the plaintiff; and the defendants appealed.

*Spooner & Lamb*, for appellant.

*Williams & Sale*, for respondent, cited *Hall v. Penny*, 11 Wend. 44.

COLE, J. The only question we shall consider is, whether a debtor is entitled to food necessary for the number of animals enumerated in the statute as exempt, whether he has at the time being the full number or not. The circuit court decided that he is, and so instructed the jury, that the debtor could claim food sufficient to keep the exempt animals specified in the statute, whether he had them at the time of the levy or not. We are inclined to hold that this is an erroneous construction of the provisions of the exemption statute.

The seventh subdivision of section 31, chap. 134, after enumerating the animals which shall not be liable to attachment, execution or sale on any final process, likewise exempts "the necessary food for all the stock mentioned in this section, for one year's support, either provided or growing, or both, as the debtor may choose." Now we think, where the debtor has none of the animals which are exempt, and no present *bona fide* intention or purpose of obtaining them, there the object of exempting food for such exempt animals entirely fails. The exemption of the food was doubtless made in order to render that of the animals practically beneficial; and when the debtor has not the animals, and no intention or purpose of immediately obtaining them, he needs not the food. It is certainly not necessary for the support of animals which the debtor does not possess, and does not intend or expect to own. The circuit judge seemed to think that it would involve a manifest absurdity, to hold that because a debtor had not all the property exempt, or because he might have a part of it, he might be

stripped of a portion of that he had, or which remained, and that if he was so unfortunate as to lose his cows, his team, or other exempt animals, by theft or death, one day, the sheriff might levy, on the next day, upon the food prepared for them, even while he was in pursuit of others. But the real question obviously is, Is it the intention of the statute to exempt food for the support of animals which the debtor does not possess, and has no present purpose of obtaining? In the case suggested by the circuit judge, where a party had lost his animals by death or theft, and was in pursuit of other animals for the support of which the food provided might be necessary, the object of exempting the food would still exist. For if the debtor had not the animals, he soon doubtless would have them, when the food would be required to support them. But not so where he had not the animals, and had no present intention or purpose of acquiring them.

Upon the argument we were referred to the case of *King v. Moore* (10 Mich. 538), which involved the consideration of a provision in the exemption law of that state substantially the same as the one we have in our statute. The court there say: "We are all clearly of opinion that this exemption cannot extend beyond what is sufficient to keep such of the animals as the defendant may have at the time of the levy. This exemption is given to render that of the animals practically beneficial; as it would be of little use to exempt the animals if the food necessary for their sustenance were liable to be taken from the owner. But if the debtor have none of the animals specified, the reason for exempting the food for them wholly fails. If he has none of the animals which the statute exempts, there is nothing upon which this exemption of animals can operate, and the exemption of food for such animals, which is dependent upon it, fails with it." We think the general reasoning of the court in that case sound, and we should only

qualify it where it appeared, from the debtor's own showing, that, though he had not at the time being the full number of animals, yet he had the present *bona fide* intention and purpose of at once acquiring them, so as to need the food for their support.

It follows, from what we have already said, that the judgment of the circuit court must be reversed, and a new trial awarded.

*By the Court.* — So ordered.