## CLARK C. KIMBALL *v.* O. C. WOODRUFF.

### *Exempt Forage.*

The exemption of forage is an independent claim or right not conditioned upon the debtor's having the exempt animals to consume such forage; hence, when the plaintiff owned only an exempt cow and horse, and the defendant, a sheriff, barely left him hay enough *to keep them* through the winter, and sold a quantity of hay *needed to keep all the stock exempted* by statute, such sheriff is liable in trespass.

TRESPASS and trover for a quantity of hay. Trial by court, December Term, 1881, Caledonia County, Ross, J., presiding. Judgment for plaintiff. The parties agreed on the following facts:

That the property for the taking and converting of which this suit is brought was regularly and legally taken and sold on a valid execution by the defendant as sheriff, provided the property sold was not exempt from attachment and levy; that at the time of the said levy and sale, the plaintiff had two cows and one horse; and that one cow and the horse were exempt from attachment, and that he had no other horses, cattle and sheep, and did not have any others during said winter; that hay enough was left to the plaintiff at the time of said levy and sale to keep the said exempt cow and horse through the remainder of the winter; but the hay sold by the defendant would have been needed to keep all the stock exempted by statute. The plaintiff's declaration alleged that the hay was taken February 17, 1880.

*Belden & Ide*, for the defendant, cited 24 Wis. 569; 10 Mich. 538; Thompson Homes, 814.

*J. P. Otis*, for plaintiff, cited 14 Barb. 459; 11 Wend. 44; 7 Vt. 470; 41 Vt. 702; 45 Vt. 40; 40 Vt. 644.

The opinion of the court was delivered by

POWERS, J.   The question presented in this case is whether the exemption from attachment of forage in our statute of exemptions is conditional upon the debtor's having the exempt animals specified to consume such forage; and it is to be determined wholly upon a construction of the statute itself.

Exemption laws exist in all our sister States in some respects similar in phraseology to ours, and in other respects quite different.   The decisions of other States are based upon the language of their own statutes, and can therefore afford us little aid, as they would did the question involve a common-law principle.

This court has ever construed these statutes liberally in favor of the debtor, as such was the spirit which prompted their enactment.

Our statute exempts one cow, ten sheep, a yoke of oxen or steers, or, in lieu of the oxen or steers, two horses kept and used for team work.   The exact phraseology of the statute is " and also one yoke of oxen or steers, as the debtor may select, two horses kept and used for team work, and such as the debtor may select in lieu of oxen or steers, but not exceeding in value the sum of two hundred dollars, with sufficient forage for the keeping of the same through the winter."   " Provided that the exemption of said horses and forage therefor" is not to extend to contracts made before a date named.

At the time of the attachment of the hay in question, the debtor had two cows and one horse, and had no other exempt animals. Can he claim as exempt forage sufficient to keep exempt animals through the winter, unless he owns such animals to be so kept? We think he can.

In the former part of the same section quoted above, one cow and ten sheep are declared to be exempt; later on is found this

clause, "forage sufficient for keeping not exceeding ten sheep and one cow through one winter." It has always been understood that this exemption of forage was absolute, irrespective of the fact whether the debtor had the ten sheep and cow or not.

The clause exempting the oxen or horses reads " two horses, . . . *with* sufficient forage for the keeping of the same," &c. The preposition " with," as here used, is to be construed as connecting two independent subjects rather than as joining a dependent or qualifying clause to one subject. It is the same as if it read, " a yoke of oxen, and, *in addition thereto*, forage," &c.

This construction is in accord with the settled understanding of our people, and we think it expresses the intent of the legislature. Judgment affirmed.