GEORGE W. OLIN v. JOHN N. FOX and Another.

May 16, 1900.

Nos. 12,049—(72).

**Property Exempt from Execution—Food for Stock.**

The statute (G. S. 1894, § 5459) exempts from attachment or sale on final process (subdivision 6) the necessary food for all of the stock or animals previously declared to be exempt. In order to have the benefit of the exemption of food therefor, it is not required that the debtor shall own all of the stock or animals mentioned in the section, and for which the food exemption is claimed.

Action in the district court for Wilkin county to recover $50.50, and interest, damages for the wrongful seizure under attachment of 112 bushels of oats and 75 bushels of barley. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of

plaintiff for $56. From an order granting defendant's motion for a new trial unless plaintiff consent to a reduction of the verdict to $29, plaintiff appealed. Reversed.

*Charles S. Marden,* for appellant.

*Henry G. Wyvell,* for respondents.

COLLINS, J.

This case involves a construction of G. S. 1894, § 5459, which (subdivision 6) exempts from attachment or sale on any final process:

"Three cows, ten swine, one yoke of oxen and a horse, or, in lieu of one yoke of oxen and a horse, a span of horses or mules, twenty sheep, and the wool from the same, * * * the necessary food for all the stock mentioned in this section for one year's support, either provided or growing, or both, as the debtor may choose," and several other articles.

The question is, is the necessary food for all these animals or stock exempt for the period mentioned, or is the exemption confined to such of the stock as the debtor may own at the time the attachment or execution is levied? It seems to a majority of the court that but one construction can be placed upon this section. See Kimball v. Woodruff, 55 Vt. 229. Certain animals are declared to be exempt, and the necessary food for all mentioned is also declared to be exempt. We are unable to read into this statute a further provision that, in order to have the benefit of the exemption, the debtor must own the animals. There is nothing ambiguous about the language used. The exemption laws are not to be construed in a narrow or illiberal manner, and the construction claimed for this subdivision by the defendants' counsel would work positive injury and wrong in many cases. For illustration, let us suppose that the debtor owns a pair of horses, and has the necessary food for them for one year. He loses one by death, and before purchasing another the seizure is made. Under such circumstances, the debtor would be deprived of the benefit of the exemption, if counsel is right. It is true that our construction leads to an exemption of food for stock in the hands of a person who has none of the animals mentioned, and no intention of obtaining them, but the remedy to be applied is with the legislature. The court

below erred when it held that, to have the benefit of this statute, the debtor must own the stock for which exemption of food is claimed.

The order appealed from is reversed, with directions to enter judgment in favor of the plaintiff upon the verdict.

LEWIS, J. (dissenting).

It is true that exemption laws should be contrued liberally, so as to carry out the legislative intent. Such statutes are founded upon the benevolent purpose of guarding debtors from want, who have suffered from misfortune or improvidence. And if a strict and literal reading of such a statute leads to a conclusion out of harmony with its spirit, sufficient latitude should be granted to still preserve its purpose. The exemption laws of this state in reference to personal property (G. S. 1894, § 5459) are based upon a logical system. First, there is a class of exemptions, found in the first five subdivisions, common to all debtors,—the family Bible, books, musical instruments, church pew, burial lot, family wearing apparel, and household goods, and, by the amendment of 1868, the sewing machine. Then the statute deals with debtors with reference to their business or employment, the tools and implements of a mechanic, the library of a professional man, the outfit of the printer or publisher, the wages of the laborer, and the stock enumerated in the sixth subdivision, and the necessary food for the same for one year's support.

While this section applies to all debtors possessing the stock, yet the legislature must have contemplated that the owners of the stock thus exempted were to some extent dependent upon it as their means of living. The object in exempting the food is to give full force and effect to the exemption of the stock. It would be a serious matter to leave the owner with his stock, but no food for them. Hence the exemption of the stock is made effective by providing the food. There is no object in exempting the food if there be no stock to consume it. If it had been the intention of the legislature to exempt the food without reference to the stock, how simple a matter to state it so. The statute exempts one yoke of oxen and a horse, or, in lieu of one yoke of oxen and a horse, a span of

horses or mules. Which will require the most food for a year,—the oxen and the horse, the span of horses, or the span of mules? And who is to determine this,—the owner, or the officer making the levy? I think the natural and logical construction of this provision is that given it by the court below. A similar statute was so interpreted in King v. Moore, 10 Mich. 538; also, in Foss v. Stewart, 14 Me. 312.

In the case of Cowan v. Main, 24 Wis. 569, the court refer to King v. Moore, supra, approve of and apply it to the case under consideration, and then add an observation that it should be qualified when it appeared from the debtor's own showing that, though he had not at the time being the full number of animals, yet he had the present, bona fide intention and purpose of at once acquiring them, so as to need the food for their support. If such construction were adopted, it would be more than liberal, and still consistent with the spirit of the act. The case cited in the opinion is based upon a statute differently worded. Under the law as now determined by the majority, any debtor, be he lawyer or merchant, may hold the stated amount of food against his creditors, even if he never owned and never expected to own any stock whatever, which privilege, it appears to me, was never contemplated by the lawmakers. I think the construction suggested in Cowan v. Main, supra, should be adopted, and a new trial ordered.