Marshall v. Mahorney.

---

CASE 18—ACTION TO RECOVER LAND SOLD UNDER EXECUTION AND CLAIMED AS A HOMESTEAD—June 4.

# Marshall v. Mahorney.

### APPEAL FROM HENRY CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

HOMESTEAD—FAILURE OF DEBTOR TO OCCUPY LAND UNTIL AFTER EXECUTION WAS LEVIED.

Held: Land acquired by purchase was not exempt as a homestead, where it was not occupied as such until after the creditor's execution was levied thereon, though it was so occupied at the time it was sold under the levy.

HUMPHREY MARSHALL AND W. B. MOODY, FOR APPELLANT.

(No brief in record.)

W. W. TURNER, ATTORNEY FOR APPELLEE.

In this case the land was purchased prior to the creation of the debt. The purchaser was a *bona fide* housekeeper, with a family and the land was of less value than $1,000. Appellee owned an undivided interest in 72 acres of land subject to the life estate of Mrs. Marshall. The life tenant died in April, 1896. Her administrator obtained judgment against appellee in January, 1897; execution was issued and levied on the land in question January 22, 1897, and was sold under said levy March 5, 1897. Appellee took the actual occupancy of the land February 14, 1897, and, on the day of the sale, notified the sheriff and the parties of such occupancy and that he claimed it as a homestead.

Under this state of facts, we claim it was exempt as a homestead.

### AUTHORITIES CITED.

Meguiar, Helm & Co. v. Barr, 81 Ky., 32; Ky. Stats., sec. 3864; Fleming v. Maddox, 30 Iowa, 240; Langworthy v. Myers, 4 Iowa, 18-27; Seeberts Reports, 73 Pa. St., 361; Am. & Eng. Ency., Vol. 9 (1st Ed.), 445; Bennett v. Baird, 81 Ky., 557; Nicholas v. Sennitt, 78 Ky., 632; Hensey v. Hensey, 92 Ky., 165; Morehead v. Morehead, 16 Ky. Law Rep., 34; Stovall v. Hibbs, 16 Ky. Law Rep., 906; Hansford v. Holdam, 14 Bush, 210; Develly v. Galbraith, 4 Ky. Law Rep., 209; Miller v. Burnett, 11 Ky. Law Rep., 291.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

The question to be decided in this case is whether appellee, Larkin Mahorney, has a homestead in the land in controversy. The record discloses the following facts: In August, 1893, appellee purchased an undivided one-third interest in a tract of about 72 acres of land, in which Mrs. Francis E. Marshall held a life estate, and which was in her possession at the date of his purchase and until her death in April, 1896. After her death the undivided tract was rented to a third party until the 1st day of March, 1897. At the January term, 1897, of the Henry circuit court, appellant recovered a judgment against appellee for $208, with interest from the 1st day of March, 1896,

until paid, and his costs. On the 19th day of January, 1897, an execution issued on this judgment, was delivered to the sheriff of Henry county, and was by him levied upon appellee's interest in the land on the 22d day of January, 1897; and it was advertised to be, and was, sold by him on the 5th day of March, 1897, and was bought by the appellant at the amount of his execution debt, and the sheriff made him a deed thereto. On the 3d day of April, 1898, he instituted this suit for a division of the land, and asked that he be put in possession of the interest so purchased by him. Appellee answered that he was a *bona fide* housekeeper with a family, occupying the land as a homestead at the time it was sold, and that it was not liable to sale. Appellant replied, denying his claim to homestead. Appellee was the only witness in the case, and he testified that he bought the one-third interest of Willie Marshall in the tract of land in controversy, subject to the life estate of Mrs. F. E. Marshall, several years before appellant's debt was created; that he had never lived on the land, or occupied it, until the 14th of February, 1897, 24 days after the levy of appellant's execution; that he had rented and was living on another farm; that he bought the term of the tenant on the Marshall place, which expired on the 1st day of March, 1897, in order to get possession and occupancy of it before the day on which the sheriff had advertised to sell it under the execution, for the purpose of claiming the land as a homestead against appellant's debt.

The question presented, therefore, is, did appellant, by taking possession in this way of the entire 72 acres of land after the levy of the execution upon his undivided third interest, become entitled to claim such interest as a homestead as against the execution lien of appellant. Section 1702 of the Kentucky Statutes exempts from sale un-

der execution a homestead in land, not exceeding in value
$1,000, to actual *bona fide* housekeepers with a family res-
ident in this Commonwealth; but this exemption does not
apply to sales under execution, if the liability or debt ex-
isted prior to the purchase of the land or the erection of
the improvements thereon. In construing this section of
the statute in Hansford v. Holdam, 77 Ky., 212, this court
said: "We are of the opinion that when there has been
an occupancy and removal temporarily, with the intention
to return and make the premises a home, there would be
no forfeiture of the homestead; but, where there never has
been an actual residence and use of the property as a home,
a mere intention to so occupy it at some future time will
not be sufficient to protect the homestead." In Fant v.
Talbot, 81 Ky., 23, this court said: "The homestead right
is never forfeited when there has been an occupancy, and
then a temporary removal, with the intention to return and
make the premises a home; but where there has never been
any occupancy,—that is, a residence by the owner with his
family upon the land as a home,—but a mere intention to
do so at some future time, he acquired no right to a home-
stead, and such is the case here. The intention to make it
his home doubtless existed, but it is not sufficient." In
Carter v. Goodman, 74 Ky., 232, in speaking of the right of
the debtor to the homestead exemption, the court said:
"Having lost his right to the exemption, his unexecuted in-
tention to return and reside in his former dwelling could
not re-establish that right. This could only be done by
making it the actual residence of his family, which was
not done until after the appellant's execution had created
a lien on the land, which was completed by the levy; and,
being thus completed, the lien related back to the dates
when the executions came to the officer's hands, and, as

Marshall v. Mahorney.

he did not actually acquire a residence on the land until a time subsequent to that to which the liens related, it results that the court erred in adjudging that he was entitled to a homestead as against the appellants. To hold that he is entitled to the exemptions is to decide either that the mere intention of the debtor to occupy real estate as a residence for his family at some future period, or that the actual occupancy, although commenced after the executions against his estate had created a lien on it, will overreach the lien, and thus defeat the rights of the creditors by acts or shifts of the debtor, done and made after these rights have been acquired." And the rulings in the cases of Carter v. Goodman, 11 Bush., 228, and Levy v. Rubarts (17 Ky. L. R., 906), (34 S. W., 1078), are to the same effect In Caldwell v. Truesdell, 11 Ky. Law Rep., 726, (13 S. W., 101), the court said: "It is well settled that the debtor, to avail himself of a homestead exemption, must be a *bona fide* housekeeper with a family, and in possession of the land when levied on by the execution creditor, claiming it as his homestead, or, if not in possession, his absence from it must be temporary, with the intention to return." In the cases of Nicholas v. Sennitt, 78 Ky., 632, Morehead v. Morehead (16 R., 34), (25 S. W., 750), and Hensey v. Hensey's Adm'r., 92 Ky. (13 R. 426), (165 17 S. W., 333), the debtors were in actual possession of the property at the time it was sought to be subjected, and these cases do not at all conflict with the cases, supra.

We are aware that in a number of cases this court has held that, where the title to the homested was derived by descent, the heir was entitled to a reasonable time after the death of the ancestor to claim homestead, and that until such time had elapsed it could not be levied on and

sold, even if the debt existed at the time it was inherited, Jewell v. Clark's Ex'r, 78 Ky., 398; Dwelly v. Galbraith, 5 Ky. Law Rep., 209, and Miller v. Bennett (11 Ky. Law Rep., 391), (12 S. W., 194). The opinions are predicated upon the idea that the statute does not deny exemption if the title is derived by descent, and not by purchase. But this doctrine has not been extended to cases where the title to the homestead was acquired by purchase, and the construction by this court seems to be generally supported by those of other States. In Austin v. Stanly, 46 N. H., 51, the court said: "Under the homestead act, a debtor can not hold a place which was not his home at the time of the levy of his creditor's execution." In Jackson v. Bowles, 67 Mo., 609, the court said: "As against the purchaser of land at an execution sale, occupancy at the time of the sale is not alone sufficient to create a homestead in the head of the family. It must exist at the itme of the levy." In Kelly v. Dill, 23 Minn., 435, the court said: "The owner can not, by making the land his homestead, defeat the lien of an attachment previously levied." In Ingels v. Ingels, 50 Kan., 755 (32 Pac., 387), the court said: "Occupancy, after the levy of execution, does not change the rights of the parties." In Tiller v. Bass., 57 Ark., 179 (21 S. W., 34), it was held: "Occupancy of land as a residence after the levy of an execution thereon will not exempt the land from sale under execution." In Freeman v. Stewart, 5 Biss., 19 (Fed. Cas. No. 5,088) it was held: "The homestead exemption must exist or be claimed at the time the writing came into the officer's hands. The defendant, moving into the property thereafter, can not hold it exempt as a homestead." We are therefore of the opinion that, as appellee had never occupied the land in question as a homestead previous to the levy of the execution, the mere intention

on his part to do so was not sufficient to entitle him to the homestead exemption, and his occupancy after the levy of the execution does not have the effect to defeat the lien thereon obtained by appellant. For reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.

---

CASE 19—EXCEPTIONS BY SHERIFF TO A COMMISSIONER'S REPORT OF SETTLEMENT WITH HIM AS TAX COLLECTOR.—June 5.