T. J. BYRNES *et al., as Partners, etc., et al.,* v.
THE JOHN DEERE PLOW COMPANY.
No. 14,625.   (85 Pac. 819.)
SYLLABUS BY THE COURT.

EXEMPTIONS—*Food for Stock—Condition Precedent.* Under subdivisions 5 and 6 of section 3018 of the General Statutes of 1901, relating to exemptions, a person who is not the owner of all or some portion of the stock mentioned in subdivision 5 is not entitled to the benefit of subdivision 6. When a person who is the owner of a part of such stock is entitled to the benefit of subdivision 6 the exemption of food will be limited to the amount necessary for the support of so much of the stock as may be owned by such person.

Error from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed June 9, 1906. Affirmed.

*B. C. Mitchner,* and *W. F. Challis,* for plaintiffs in error.

*B. H. Tracy,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: M. L. Stalker, one of the plaintiffs in error, owned a crop of corn upon which he gave a chattel mortgage to the defendant in error. Afterward he sold and delivered the corn to his coplaintiffs in error, who converted it to their own use. The defendant in error then commenced this suit to recover the value of the lien which it had on the corn by virtue of the chattel mortgage. The plaintiffs in error claim

7—74 KAN.

that the corn when mortgaged was exempt under section 3018 of the General Statutes of 1901, and that, the wife of Stalker not having joined in the mortgage, no lien was created thereby. The statute under which the exemption is claimed reads:

"Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property: *Fifth.* Two cows, ten hogs, one yoke of oxen, and one horse or mule, or, in lieu of one yoke of oxen and one horse or mule, a span of horses or mules. . . . *Sixth.* The necessary food for the support of the stock mentioned in this section for one year, either provided or growing, or both, as the debtor may choose."

The defendant in error claims that the corn was not exempt for the reason that the mortgagor did not own the stock mentioned in the fifth subdivision of the statute when the mortgage was executed. The plaintiffs in error insist that the exemption of the food mentioned in the sixth subdivision of the statute is absolute and does not depend upon the ownership of the stock mentioned in the preceding subdivision. The trial court held that the corn was not exempt. Whether this ruling of the court was erroneous or not is the only question presented. We think the court was correct.

Under the seventh subdivision of this section, which reads, "the grain, meat, vegetables, groceries, and other provisions on hand, necessary for the support of the debtor and his family for one year, and also all the fuel on hand necessary for their use for one year," it was held, in the case of *George v. Hunter,* 48 Kan. 651, 29 Pac. 1148, 30 Am. St. Rep. 325, that a debtor who had an abundance of grain but none of the other articles named could not retain any part of the grain above the amount necessary for the support of his family for one year for the purpose of buying the articles which he did not have. It was contended in that case that the word "support," as used in the subdivision being con-

sidered, meant enough to support the family generally and not merely sufficient to supply it with bread for the time stated.   It was held, however, that the more limited meaning was proper.

It seems that the purpose of subdivision 6 must be to exempt the food therein mentioned only in cases where it is made necessary because the debtor has the stock to be supported.   The exemption of the stock suggests that provision must be made for its support, otherwise the exemption would be a burden rather than a favor.   This precise question was decided by the supreme court of Michigan in the case of *King v. Moore,* 10 Mich. 538.   The statute of that state was in substance the same as the statute of Kansas.   It was there decided that the food exempt for the support of stock only applied when the debtor had the animals mentioned.

In Wisconsin the statute is almost in the same language as that of this state, and it was there held, in the case of *Cowan v. Main and others,* 24 Wis. 569, that the food was not exempt where the debtor did not have the animals.   In the opinion the court cited and followed the case of *King v. Moore, supra,* and quoted therefrom as follows:

" 'We are all clearly of opinion that this exemption cannot extend beyond what is sufficient to keep such of the animals as the defendant may have at the time of the levy.   This exemption is given to render that of the animals practically beneficial; as it would be of little use to exempt the animals if the food necessary for their sustenance were liable to be taken from the owner.   But if the debtor have none of the animals specified, the reason for exempting the food for them wholly fails.   If he has none of the animals which the statute exempts, there is nothing upon which this exemption of the animals can operate, and the exemption of food for such animals, which is dependent upon it, fails with it.' "

The Michigan court further said:

"If the statute, in cases where the debtor has not the full amount of the property exempted by this section,

had provided an exemption of money or other property for the purpose of enabling him to purchase enough to make up the deficiency, there might be good reason for holding the feed for the animals exempted, though he had not the animals at the time of the levy; but the statute has adopted no such principle." (*King v. Moore,* 10 Mich. 538, 540.)

The case of *Foss v. Stewart,* 14 Me. 312, is to the same effect. The only case cited which holds to the contrary is *Olin v. Fox,* 79 Minn. 459, 82 N. W. 858. That case gives a contrary construction to a statute almost identical with that of this state. It cites and seems to base the decision upon the case of *Kimball v. Woodruff,* 55 Vt. 229, but the decision of that case was placed upon the peculiar language of the Vermont statute, which materially differs from both the Minnesota and Kansas statutes. The Minnesota court was divided, and Mr. Justice Lewis filed a dissenting opinion from which we quote the following:

"It is true that exemption laws should be construed liberally, so as to carry out the legislative intent. Such statutes are founded upon the benevolent purpose of guarding debtors from want who have suffered from misfortune or improvidence. And if a strict and literal reading of such a statute leads to a conclusion out of harmony with its spirit, sufficient latitude should be granted to still preserve its purpose. The exemption laws of this state in reference to personal property . . . are based upon a logical system. First, there is a class of exemptions, found in the first five subdivisions, common to all debtors—the family Bible, books, musical instruments, church pew, burial lot, family wearing-apparel, and household goods, and, by the amendment of 1868, the sewing-machine. Then the statute deals with debtors with reference to their business or employment, the tools and implements of a mechanic, the library of a professional man, the outfit of the printer or publisher, the wages of the laborer, and the stock enumerated in the sixth subdivision, and the necessary food for the same for one year's support.

"While this section applies to all debtors possessing the stock, yet the legislature must have contemplated that the owners of the stock thus exempted were to

some extent dependent upon it as their means of living. The object in exempting the food is to give full force and effect to the exemption of the stock. It would be a serious matter to leave the owner with his stock, but no food for them. Hence the exemption of the stock is made effective by providing the food. There is no object in exempting the food if there be no stock to consume it. If it had been the intention of the legislature to exempt the food without reference to the stock, how simple a matter to state it so." (Page 461.)

In the Wisconsin case the court was of the opinion that if the debtor did not have the stock at the time of the levy upon the food, but had a present *bona fide* intention of immediately acquiring such animals, the food would be exempt. No such condition existed, however, in that case, nor does it exist here.

On the whole case we conclude that, as the mortgagor did not have the stock mentioned in the statute at the time the mortgage was executed, the corn was not exempt; that the signature of the wife was not essential to the validity of the mortgage; and that the mortgagee acquired a lien upon the corn, and may recover the value thereof from the plaintiffs in error. The judgment is affirmed.

All the Justices concurring.