## In re ELSTON.

(District Court, D. Minnesota, Third Division. February 18, 1927.)

No. 3407.

1. Bankruptcy ⬤═396(4)—Under Minnesota statute, bankrupt is entitled to claim as exempt, food for animals which he does not own (Bankruptcy Act [U. S. Comp. St. § 9585 et seq.]; Gen. St. Minn. 1923, § 9447, subd. 6).

Under Bankruptcy Act (U. S. Comp. St. § 9585 et seq ) and Gen. St. Minn. 1923, § 9447, subd. 6, a bankrupt is entitled to claim as exempt the food for the various animals mentioned, though he does not own or intend to obtain such animals.

2. Bankruptcy ⬤═400(1)—Bankrupt's claim of exemption of food for stock under Minnesota statute held sufficient (Gen. St. Minn. 1923, § 9447, subd. 6).

Bankrupt's claim for exemption of food for stock, under Gen. St. Minn. 1923, § 9447, subd. 6, held sufficiently specific to enable trustee to perform his duty relative to setting aside what was actually exempt.

In Bankruptcy. In the matter of the bankruptcy of Harry R. Elston. On petition of bankrupt for review of an order of referee approving report of the trustee allowing certain exemptions. Matter re-referred to referee, with directions.

Iver C. Nelson, of Minneapolis, Minn., for petitioner.

Charles H. Winter, of St. Paul, Minn., for trustee.

JOHN B. SANBORN, District Judge. [1] In his schedules in bankruptcy, the bankrupt listed as assets: Twenty-one acres of field corn, 8 acres of fodder corn, 1½ acres of late potatoes, 1 ton of hay, 40 bushels of barley, 200 bushels of succotash, and 60 bushels of potatoes. In the schedules, he made his claim for exemption as follows:

"Bankrupt claims as exempted on property allowed him by section 7951 of the General Statutes of the state of Minnesota for the year 1913, set forth in paragraphs 1, 2, 3, 4, 5, 6, 7, 10, and 11 of said section, including all other farming utensils including tackle for teams not exceeding $300 in value and more particularly all of his hay, corn, potatoes, succotash, oats, barley, household goods, wearing apparel, now in the possession of this bankrupt and used and kept by the bankrupt and his family for their maintenance and support, $500."

The trustee, in his report of exempted property, designated and set apart to be retained by the bankrupt as property exempt by state laws, all wearing apparel of the bankrupt and his family, and household goods of the value of $500, and 15 bushels of potatoes, of the value of $8. The bankrupt took exception to the report of the trustee, and a hearing was had before the referee in bankruptcy.

The bankrupt undertook to show that, under subdivision 6 of section 9447, General Statutes of Minnesota 1923, he was entitled to food for three cows, ten swine, one yoke of oxen, and a horse, or in lieu of such oxen and horse a span of horses or mules, 100 chickens, and 20 sheep. He did not claim to have this stock, but merely claimed all of the farm produce under the provisions of that subdivision. Subdivision 6 reads as follows:

"Three cows, ten swine, one yoke of oxen and a horse, or in lieu of such oxen and horse, a span of horses or mules, one hundred chickens, twenty sheep, and the wool from the same, either in raw material or manufactured into yarn or cloth; food for all the stock above mentioned necessary for one year's support, either provided or growing, or both, as the debtor may choose; one wagon, cart, or dray, one sleigh, two plows, one drag; and other farming utensils, including tackle for teams, not exceeding three hundred dollars in value."

In the case of Olin v. Fox, 79 Minn. 459, 82 N. W. 858, where the provisions of this subdivision were in question, the Supreme Court held that, in order to have the benefit of the exemption of food for the stock mentioned, it is not required that the debtor shall own all of the stock or animals mentioned in the section under which food exemption is claimed. In that case, the court said:

"It is true that our construction leads to an exemption of food for stock in the hands of a person who has none of the animals mentioned, and no intention of obtaining them, but the remedy to be applied is with the Legislature."

The Legislature has apparently not applied the remedy as yet. It therefore ap-

pears that the bankrupt was entitled to claim as exempt the food for the various animals mentioned in the subdivision of the statute referred to, regardless of the fact that he did not have any such animals.

[2] The referee cites the statement in Collier on Bankruptcy to the effect that if the claim of the bankrupt, as contained in his schedules, does not designate any particular property, such claim is invalid. It does appear, however, in the bankrupt's schedules, that he did claim all of the produce as exempt, and that there was listed in his schedules a description of such produce. What Collier says with reference to claim of specific property is this (page 330, vol. 1, 13th Ed.):

"There appears to be some conflict of authority as to whether the bankrupt must specify the particular property out of which he claims his exemption. What seems to be the better reasoned view is that as to the procedure in selecting exemptions the Bankruptcy Act and rules thereunder are controlling, and that the act nowhere prescribes that the bankrupt must select the specific property exempted, but leaves that matter to the trustee, and therefore that a claim to exemptions to the amount allowed out of the exempt property generally is sufficient, without specifying the particular items."

The Circuit Court of Appeals of the Eighth Circuit, in the case of Smith v. Thompson, 213 F. 335, has this to say upon the subject:

"In every court the administration of an exemption law should comport with the beneficent spirit that prompted its enactment. A court of equity especially should not attempt to defeat the exemption by niceties in practice. It should be helpful to those whose condition requires them to invoke it. The exemption in question here was not of described articles, but was generally of personal property up to a maximum value out of a larger mass. The substance under the statute was the value, not the particular character of the items. The trustee came into possession of the whole, and it was his duty to set apart the exempt portion. Bankruptcy Act July 1, 1898, c. 541, § 47a, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438 [Comp. St. § 9631]). Even if the bankrupt should have specified, we see no substantial objection to his leaving it to the trustee. Had the bankrupt set out the items and valued them, the trustee would still have supervised the valuation. However regarded, the matter is a little detail of administration, which should

not defeat the claim for exemption, plainly made and asserted."

The claim for exemption in this case appears to have been sufficiently specific to enable the trustee to perform his duty relative to setting aside what was actually exempt under the provisions of the Minnesota statute. I see nothing to justify the conclusion that 15 bushels of potatoes would cover the amount of produce which the bankrupt was entitled to claim for himself as being exempt.

The matter is therefore re-referred to the referee, with directions to disapprove the report of the trustee, and with directions to the trustee to determine what property of the bankrupt was exempt, and to set it aside.

It is so ordered.